# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 5, 2024

R. Bruce McNew
Cooch and Taylor, P.A.
The Brandywine Building
1000 N. West Street, Suite 1500
Wilmington, DE 19801

Lisa M. Zwally
Bryan T. Reed
Greenberg Traurig, LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

Re: *Mitchell Partners, L.P. v. AMFI Corp. et al.*,
C.A. No. 2020-0985-KSJM ("*AMFI I*");

*Mitchell Partners, L.P. v. AMFI Corp.*,
C.A. No. 2020-0986-KSJM ("*AMFI II*")

Dear Counsel:

This letter resolves the plaintiff's Rule 59(f) motion seeking partial reargument of my July 3, 2024 decision (the "Decision") on the defendants' motion to dismiss Counts III through V of the Second Amended Complaint in *AMFI I*.[1]  Specifically, Mitchell Partners seeks reargument of the portion of the Decision concluding that it waived its waste claim by failing to brief it.[2]

Under Court of Chancery Rule 59(f), "[t]he Court will deny a motion for reargument 'unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that

---

[1] C.A. No. 2020-0985-KSJM, Docket ("Dkt.") 133 ("Mot."); *Mitchell P'rs, L.P. v. AMFI Corp.*, 2024 WL 3289389, at *1 n.5 (Del. Ch. July 3, 2024).

[2] Mot. ¶ 1 (quoting *Mitchell P'rs*, 2024 WL 3289389, at *1 n.5 ("Under the alternative theory, Mitchell Partners claims that any transfer constituted waste.  But Mitchell Partners does not discuss waste in its answering brief, so that theory is waived.")).

the outcome of the decision would be affected.'"[3]  If a motion for reargument "merely rehashes arguments already made by the parties and considered by the Court" in rendering the decision for which reargument is sought, the motion must be denied.[4] On a motion for reargument, the movant bears a "heavy burden."[5]

Mitchell Partners argues that it did, in fact, brief its waste claim, and that I missed that fact.[6]  To be clear, Mitchell Partners' answering brief contained no analysis of a waste claim.  It did not state, much less apply, any legal standard pertaining to waste.  Mitchell Partners' waste theory was mushed together with two other claims found in Count III,[7] but Mitchell Partners' Answering Brief made no mention of waste in the three times that it described Count III.[8]

---

[3] *Nguyen v. View, Inc.*, 2017 WL 3169051, at *2 (Del. Ch. July 26, 2017) (quoting *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985)).

[4] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016) (citation omitted).

[5] *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

[6] Mot. ¶ 4.

[7] *Mitchell P'rs*, 2024 WL 3289389, at *1.  In that one Count, Mitchell Partners sought: (i) "a declaratory judgment that no Class B shares of AMFI are issued or outstanding;" (ii) "in the alternative," a declaration "that if the Class B shares were validly issued, then only 100 shares were issued and they are owned by AFL;" and (iii) again in the alternative, "that any transfer [of Class B shares to the Subsidiary Defendants] constituted waste." *Id.*

[8] *See* Dkt. 115 at 2 ("Count III seeking declaratory relief that no Class B shares have ever been issued, or alternatively, if issued, are only in the amount of 100 shares and are owned by AMFI's wholly owned subsidiary AFL."); *id.* at 8 ("Count III seeks a declaration that no Class B shares are currently outstanding. It relies on numerous facts, including documents Defendants themselves prepared, i.e. tax returns, regulatory filings and AMFI self-described 'stock ledger,' and the unchallenged testimony of Corporaal, AMFI's registrar and transfer agent, all of which state

In support of reargument, Mitchell Partners points to page 27 of its answering brief, which contains the word "waste." The relevant language states: "As a result, these purported transfers conveyed a material benefit, specifically ownership of the vast majority of AMFI's equity without any benefit being provided to AMFI's shareholders, the purported transactions were void, invalid, in breach of the duties of AMFI's directors *and constituted waste*."[9]

unequivocally that no Class B shares have ever been issued. It does not, as Defendants claim, challenge the AMFI/AFL Reorganization which was implemented without any Class B shares being issued. It seeks no recovery for AMFI and if successful the relief will not affect AMFI in any manner beyond requiring it return to the reporting shareholders' equity consisting of only Class A shares, consistent with its practice over almost four decades. That relief will benefit only the Class A shareholders and will only affect the Class A shareholders and the Subsidiary Defendants (defined below) who claim to own Class B shares. Alternatively, Count III seeks a declaration that in the event the Court determines anyone has a right to Class B shares, that right would be for AFL to have 100 Class B shares. This also is not a challenge to the AMFI/AFL Reorganization, and any recovery will only affect the Class A shareholders, the Subsidiary Defendants and AFL."); *id.* at 29 ("Count III seeks a declaratory judgment that no Class B shares were ever issued. Alternatively, it seeks a declaration that if issued, such action was without proper board authorization, that even if properly is authorized, only 100 shares were authorized to AFL and that there was no valid transfer of those shares by AFL. While, as detailed below, there are multiple facts to support the requested relief, two alone should be dispositive of this motion. First, AMFI's registrar and transfer agent testified that AMFI has no record, in AMFI's self-described (albeit improperly maintained) stock ledger or elsewhere, of any Class B shares ever being issued and that the purported Class B share certificate AMFI provided in the 220 Action is not a validly issued certificate. Second, the Report finds that there is no record of any Class B shares in AMFI's self-described stock ledger. A stock ledger is the definitive source as to 'all issuances and transfers of shares.' Whatever other 'facts' Defendants might think exist, at a minimum, these are sufficient to defeat the motion given the Plaintiff favorable inferences." (emphasis omitted) (citations omitted)).

[9] Mot. ¶ 2 (emphasis in original) (quoting Answering Br. at 27).

Although it would have been easy to overlook this passing reference, I did not.

It just was not enough to preserve the claim.[10]  The motion for reargument is denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[10] *See Merck & Co., Inc. v. Bayer AG*, 2023 WL 2751590, at *15 (Del. Ch. Apr. 3, 2023) (If a party "intended to preserve [an] argument, it should have addressed it in a more meaningful way." (citation omitted)), *aff'd*, 308 A.3d 1190 (Del. 2023) (TABLE); *Macrophage Therapeutics, Inc. v. Goldberg*, 2021 WL 2585429, at *4 (Del. Ch. June 23, 2021) (finding that the defendant's failure to cite any authority in support of his legal argument constituted a waiver of the issue).